## GEORGE S. PIDGEON

## *v.*

## THE TRUSTEES OF SCHOOLS.

1. ESTOPPEL. M. and wife executed a mortgage upon their homestead without the statutory waiver, and afterward conveyed it to P. subject to the mortgage lien, and which lien formed a part of the purchase price. *Held,* in a suit to foreclose by the mortgagee, that, P. having obtained the premises by admitting the lien and assuming its payment, he was estopped from setting up as a defense the omission of M. and wife to release their homestead right in the mortgage.

2. PRACTICE — *decree too large — this court will not fix amount.* Where in a case it is admitted that the decree rendered by the court below is too large, this court will not fix the amount, but will reverse the case, that the inferior court may enter the proper decree.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. WESLEY SLOAN, Judge, presiding.

This was a bill in chancery, filed by the defendants in error in the court below, against the plaintiff in error, to foreclose a certain mortgage executed to them by one Thomas J. Mansfield and wife, upon certain premises described in the bill as the N. E. ¼ of the N. W. ¼ of sec. 16, T. 15, S. R. 1, east, containing forty acres, and situated in the county of Pulaski,

State of Illinois.   The further facts of the case appear in the opinion of the court.

Messrs. W. H. GREEN and G. S. PIDGEON, for the plaintiff in error.

Mr. J. M. DAVIDGE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Mansfield and wife executed to the school trustees a mortgage upon their homestead without the statutory waiver, and subsequently sold and conveyed it to Pidgeon. The trustees filed a bill to foreclose, making Pidgeon a party. He defends on the ground that Mansfield and wife had not released their homestead in executing the mortgage. But their deed to him provided, that, as a part of the consideration money, he was to pay the debt to the school trustees. By the terms of his deed, he assumed the payment of that debt as a condition of taking the title. The parties recognized the debt as a lien on the land, since the deed to Pidgeon described the debt as secured by a mortgage upon the premises. Having obtained the land by recognizing the mortgage as an existing lien, and assuming its payment, he is estopped from defeating it by setting up Mansfield's homestead rights. To permit him to do this, would be to permit him to practice a fraud both on Mansfield and the school trustees.

It is admitted, however, that the decree was for too large a sum. Counsel ask that a decree be entered here for the proper amount, but, having found this practice to lead to inconvenience, we remand the case, that the proper decree may be entered in the Circuit Court.

*Judgment reversed.*