ADOLPHUS H. GREEN V. EMILY J. HOUSTON, *et al.*

MORTGAGE, *on Preëmpted Land; Foreclosure; Estoppel.* A preëmptor of land in the Osage Indian trust and diminished reserve, borrowed $220 to enter his claim. On January 6, 1874, he executed his note therefor, and at the same time executed a mortgage on the land to secure the note. After entering the tract of land, he conveyed it to M., subject to the mortgage. This deed was duly recorded; M. agreed to pay the mortgage debt as part of the purchase price; then M. conveyed to G., covenanting the premises were free and clear of all incumbrances, except as shown by the records of Cowley county, and G. assumed and agreed with M. to pay the mortgage as part payment of the land. *Held,* In an action to foreclose the mortgage by the mortgagee, that G. was estopped from showing that the mortgage was void under the preëmption laws of congress.

### *Error from Cowley District Court.*

ACTION brought by *Emily J. Houston,* against *Green* and two other defendants, to foreclose a certain mortgage. Trial at December Term, 1877, of the district court, and judgment for plaintiff. The defendant *Green* brings the case here.

*Hackney & McDonald,* for plaintiff in error.

*J. E. Allen,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 6th day of January, 1874, W. M. Allison was a qualified preëmptor, residing upon and claiming a preëmption right in a certain quarter-section of the Osage Indian lands in Cowley county. For the purpose of entering this tract, he borrowed from the defendant in error, Emily J. Houston, the sum of two hundred and twenty dollars, for which he executed to her his note, due and payable one year from that date; and to secure its payment, executed to her a mortgage on the land. Some time afterward, Allison entered the land, and on January 28th, 1875, conveyed it to one Sallie E. McDonald by warranty deed, in usual form, subject however to the mortgage, which deed was duly recorded March 22d, 1875. The consideration of the deed was

the payment of said mortgage debt, and sufficient money in addition to make $500. On May 28th, 1875, Mrs. McDonald and her husband conveyed the land to plaintiff in error by warranty deed, in usual form, covenanting that the "said premises were free and clear of all incumbrances whatsoever, except as shown by the records of Cowley county." As part of the purchase-money, Green assumed and agreed with Mrs. McDonald to pay said mortgage debt. On October 13th, 1877, the defendant in error commenced her action against Allison on the note and for the foreclosure of the mortgage, making Green a party defendant. Allison made default, and Green defended on the ground that the mortgage was void *ab initio*, and he alleges that the case of *Brewster v. Madden*, 15 Kas. 249, is exactly in point.

It is unnecessary to discuss the question whether the mortgage between Allison and Houston was originally invalid. The note executed by Allison was certainly binding. When he conveyed the land to Mrs. McDonald on her agreement to pay the mortgage debt, and inserted in the deed that she should take the land subject to the mortgage debt, and thus protected himself from the payment of the note, it was an agreement which Allison and Mrs. McDonald had the right to make. The land then became subject to the payment of the claim, and this obligation of Mrs. McDonald inured to the benefit of the mortgagee, who had the right in equity to compel such purchaser to respond directly to her. As Green took his conveyance subject to the mortgage debt agreed to be paid by McDonald, and assumed this debt, McDonald and Green are estopped by their agreements from questioning the validity of the mortgage under the preëmption laws of congress. If any other rule were adopted, Allison would be compelled to pay his note, and the parties who obtained the land on agreements to liquidate the mortgage debt, and thus discharge the liability of Allison, would be relieved from the payment of a large portion of the purchase-money, and exempt from a great part of the obligations they assumed. This would be inequitable, and also contrary to the understanding

of the grantees when they accepted their conveyances. (*Drury. v. Tremont Imp. Co.*, 13 Allen, 168.)

The judgment must be affirmed.

All the Justices concurring.