THE JOHNSON LOAN AND TRUST COMPANY v. H. L.
BALL et al.

**No. 314.**

PRACTICE—*Sheriff's Sale — Revivor Unnecessary, When.* Where
an order of sale has been issued upon a judgment and the real
estate sold thereunder by the sheriff prior to the death of one of
the judgment debtors, it is unnecessary to revive the action or the
judgment before the confirmation of the sheriff's sale or the execu-
tion of the sheriff's deed.

Error from Kingman district court; W. O. BASHORE,
judge.  Opinion filed July 13, 1898.  Reversed.

J. *Mack Love,* for plaintiff in error.

C. *W. Fairchild,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : In October, 1887, the plaintiff in
error filed a petition in foreclosure in the district
court of Kingman county, against H. L. and Eva Ball
and another, and on May 28, 1888, judgment was
duly rendered in favor of the plaintiff.  On January
14, 1889, an order of sale was issued and duly ex-
ecuted and the real estate sold on March 4, 1889, to
the plaintiff.  On August 8, 1890, a motion was duly
made and filed to confirm said sale.  On August 21,
1890, H. L. Ball died, leaving as his heirs Eva Ball,
his wife, and William Ball, Milo Ball, and Joseph
Ball, his three sons, who were all of age at the time of
the death of their father.  On September 6, 1890, the
the sale was confirmed, and thereafter the sheriff exe-
cuted and delivered a deed of the real estate to the
plaintiff.

On March 8, 1892, Milo Ball filed a motion in the
district court of Kingman county, asking that the

judgment, order of sale, confirmation of sale and all proceedings had in the action be set aside. The court sustained the motion and the plaintiff brings the case here for review.

The question to be decided is, whether it is necessary to revive an action or a judgment therein upon the death of one of the parties, after the issuance of an order of sale and a sale thereunder. This question must be answered in the negative. It is not necessary to revive the action, because it has been merged into a judgment. It is not necessary to revive the judgment, because it has served its purpose in sustaining the issuance of an order of sale which has been fully executed by the sale thereunder. The only thing necessary to be done to close the transaction is the examination of the proceedings by the court, and if they are found regular it is his duty to confirm the sale and direct the sheriff to execute to the purchaser a deed for the real estate sold. The confirmation of a sheriff's sale and the order to execute a sheriff's deed are *ex parte* proceedings, and may be made upon the motion of any person interested, or on the court's own motion without notice to any person.

The judgment of the district court is reversed, and the cause remanded with instructions to overrule the motion of Milo Ball.