S. B. St. John v. I. A. Strauss *et al.*

### No. 10964.

Lis Pendens—*Notice and Benefit.* An action by one creditor to subject property to the payment of a judgment, in which it is decreed that the judgment is a lien upon the property, binds one who purchases during the pendency of the action, so far as the rights of the plaintiff are concerned, but the *lis pendens* does not extend to other claims not mentioned in the pleadings or judgment, nor operate to the benefit of other creditors who are not parties to the action.

Error from Shawnee circuit court; D. R. Hite, judge *pro tem.* Opinion filed January 7, 1899. Reversed.

*Wm. R. Hazen,* and *M. V. B. Parker,* for plaintiff in error.

*J. B. Larimer, L. S. Dolman,* and *H. C. Root,* for defendant in error I. A. Strauss.

The opinion of the court was delivered by

Johnston, J. : This was an action by I. A. Strauss against S. B. St. John and others to subject real estate in Topeka which St. John had purchased from Ida Pyatt to the payment of several judgments against D. Pyatt which had been assigned to and were owned by Strauss. It was alleged and claimed by Strauss that the Topeka property belonged to D. Pyatt, and had been obtained in an exchange for property of his in Sumner county, and that in the exchange the title to the Topeka property was taken in the name of Ida Pyatt, who paid no consideration for the same, and only held it in trust for D. Pyatt. The transfer was made on August 31, 1892, and it is alleged that on October 15, 1892, John Shrives, who was the owner

of three judgments against D. Pyatt, began a suit in the circuit court of Shawnee county to have the three judgments which he owned declared liens upon the property in question. In that suit D. Pyatt, Ida Pyatt and her husband, S. B. Pyatt, were made parties, and Shrives set up that D. Pyatt was insolvent, that he was the actual and equitable owner of the Topeka property, and that Ida Pyatt held it in trust for him and had paid no consideration therefor. The case resulted in favor of Shrives, and on April 23, 1894, it was decreed therein that Shrives's judgments against D. Pyatt were liens upon the real estate, subject only to a $12,000 mortgage lien which had been given by a prior owner, and that upon the filing of a præcipe an order of sale might be issued directing the sheriff to sell the real estate in satisfaction of the judgments of Shrives.

It was alleged and shown that after the Shrives suit was commenced, and on December 16, 1892, St. John purchased the property from Ida Pyatt, in whose name the record title stood, but, as we have seen, the good faith of the purchase is questioned; that just before the alleged purchase Ida Pyatt gave a mortgage on the property for $2500; that after the purchase, and on January 9, 1893, St. John paid and satisfied the $2500 mortgage; that on June 26, 1893, St. John paid and satisfied the $12,000 mortgage; and that on July 25, 1894, he paid the Shrives judgments, which had been declared liens upon the property purchased. St. John was not a party to the action, nor were any of the judgment creditors whose judgments are involved in the present proceeding.

In this case, brought by Strauss, testimony was offered tending to show that, at the time of the purchase by St. John, D. Pyatt was the equitable owner of the

property, and that Ida Pyatt, his daughter, held the mere legal title thereto as trustee for him. Upon the testimony the trial court found, among other things, that D. Pyatt, against whom the Strauss judgment was rendered, was the equitable owner of the property ; that it was purchased by St. John during the pendency of the Shrives suit, and that this suit was *lis pendens* as to the purchase made ; that the status of the property became fixed by the judgment in that case as to Ida Pyatt, D. Pyatt, and all the judgment creditors of D. Pyatt; and that the purchaser, St. John, could not in this case litigate the questions involved under the issues in the Shrives case.

It is not easy to ascertain what view the trial court took of some of the testimony in the case, but from the findings it would seem that its judgment was hinged largely on a misapplication of the doctrine of *lis pendens* and the supposed effect of the Shrives suit. It is true that St. John was a *pendente lite* purchaser, and that he took the property subject to the claims made and established against it in the Shrives proceeding. The doctrine of *lis pendens*, however, cannot be extended so as to bind a purchaser for claims not in litigation, nor is it available to other creditors than those connected with the litigation. The theory of *lis pendens* is to keep the subject-matter of controversy within the power of the court until the final judgment is rendered, so that the judgment, when rendered, may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the plaintiff therein. The title of a *pendente lite* purchaser is not necessarily void. As between the parties to the transfer the title is valid, but as to the *pendente lite* purchaser its validity depends entirely on the result or outcome of the pending litigation.

While the purchaser must take notice of the facts contained in the record, he is only affected to the extent to which the judgment in the suit goes.   The only creditor of which the purchaser was required to take notice was Shrives, and the only claims were those in issue in that suit.   The action was not brought in behalf of any other creditor than Shrives, and the fact that there were other creditors was not disclosed by that record.   The proceeding was not brought to set aside a fraudulent deed, but was a simple proceeding to enforce the collection of judgments by having them declared liens upon the property described in the petition. Creditors other than Shrives had no interest in the proceeding and were not bound by the result.   If the Shrives suit be available as an adjudication in favor of the outside creditors, it would be equally binding on them if it had been determined in favor of the defendants, and no one would argue that the creditors who were strangers to the Shrives suit would be precluded by the judgment therein from litigating their claims or seeking to subject the property in controversy to the payment of the same.

Our statute on *lis pendens*, so far as it affects the question in hand, is against the judgment of the circuit court.   It provides to what extent a purchaser will be affected by the constructive notice imparted by the pendency of a suit, as follows :  " When the petition has been filed the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title."   (Gen. Stat. 1897, ch. 95, § 81, Gen. Stat. 1889, ¶ 4164.)   The effect of this provision is that a pending suit is notice to the purchaser of whatever rights the plaintiff asserted against the property ; that is, no in-

terest can be acquired by third persons in the subject-matter of the suit as against the plaintiff's title. The purchaser was one chargeable with the claim set up by the plaintiff in the suit and one bound by the judgment which was rendered in the action. The constructive notice is not available to unmentioned creditors, nor was the property subjected to the payment of any other liens than those set up by Shrives. In *Stout v. Phillippi M. & M. Co.*, 41 W. Va. 339, 23 S. E. 571, the effect of the notice as to the outside creditors was under consideration, and it was remarked : "As a *lis pendens* gives notice only of the facts contained in the record of the suit to which it relates, as it is when the party affected purchases and only for the purposes of that suit, and for the benefit of parties to that suit, other creditors cannot have its benefit in other suits.'

The trial court having taken an incorrect view of the effect of that litigation, and one which may have largely determined the result, there must be a reversal of the judgment. We determine nothing as to the actual notice which the purchaser had, nor as to whether he by himself or through his agent cooperated in the wrongful transfer of the property, but dispose of the case solely on the effect of the constructive notice imparted by the pendency and determination of the Shrives suit. The judgment will be reversed and cause remanded for further proceedings.