AUDLEY B. TIDBALL v. JOSEPH B. SCHMELTZ.

No. 15,414.   (94 Pac. 794.)

SYLLABUS BY THE COURT.

1. PARTITION—*Taking at Appraised Value—Purchase Pendente Lite.* The doctrine of *lis pendens* applies to partition suits as well as other actions, but a purchaser *pendente lite* is only affected to the extent of the decree and subsequent proceedings therein; and where the suit, instead of terminating in a judicial sale, provides for one of the parties acquiring the title by sheriff's deed at the appraised value, a mortgagee may assert his mortgage lien acquired while the action is pending.

2. USURY—*Defense to Mortgage Foreclosure.* A purchaser of lands subject to a mortgage cannot in a suit to foreclose the mortgage interpose the defense of usury.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed March 7, 1908. Affirmed.

*L. H. Greenwood,* for plaintiff in error.

*W. H. Rossington, Charles Blood Smith,* and *Samuel Barnum,* for defendant in error; *John L. Wheeler,* of counsel.

The opinion of the court was delivered by

PORTER, J.: This suit was brought by defendant in error to foreclose a mortgage on an undivided one-tenth interest in a quarter-section of land in Shawnee county. Audley B. Tidball, plaintiff in error, filed an answer, to which the district court sustained a demurrer, and this ruling is alleged as error. The facts are as follow: On December 17, 1901, a partition suit was filed in the district court of Shawnee county to partition the land. William R. Young was a defendant in that action, and, on January 14, 1902, mortgaged his undivided interest in the land to Joseph B. Schmeltz. Afterward Young filed his answer and cross-petition in the partition suit. The decree of partition was rendered March 10, 1903. On March 20, 1903, Young quitclaimed his interest in the land to F. P. Dickson, who, in the meantime, had purchased the interests of the plaintiff and of some of the other parties in the partition suit. The commissioners reported that the land could not be partitioned, and appraised its value. The report was approved and the parties given ten days in which to elect whether to take the premises at the appraised value. Dickson then filed a motion stating that he had purchased certain interests in the land and asked to be permitted to take the premises at the appraised value. On May 11, 1903, the court approved an order confirming his election and providing that he should pay into court only the amount that would be due to the other cotenants, parties in the suit, and his proportion of the court costs, and directing the sheriff to execute a deed to him for

the premises. After the sheriff's deed had been executed Dickson conveyed the entire premises to the plaintiff in error. These are the facts substantially as set forth in the answer.

The plaintiff in error contends that his grantor, Dickson, was a purchaser at a judicial sale, and that the doctrine of *lis pendens* applies to the mortgage, because it was executed while the partition suit was pending. It is argued that the lien of the mortgage was destroyed by the sheriff's deed in the partition suit. There are several reasons why these contentions cannot be sustained.

It cannot, of course, be doubted that the mortgagee took his mortgage with notice of the partition proceedings. The principle of *lis pendens* applies to partition suits as well as to other actions. A suit in partition is *lis pendens*, and if the decree orders the sale of the property the title of the purchaser is not affected by a transfer *pendente lite*. (21 A. & E. Encycl. of L. 641.)

It is true that a mortgage or conveyance given by one tenant in common of the property is binding only on his interest, and in this case, if there had been a judicial sale of the premises under a decree in partition to a stranger, the mortgage given by Young while the suit was pending would follow his interest only in the proceeds and would not affect the title of the purchaser at such sale. But there was no judicial sale in that sense. Dickson, who was the grantor of the plaintiff in error, simply purchased the interests of some of the parties to the partition suit. He became thereby a party to the suit himself, and was subrogated to their rights. As a party to the suit he elected to take the property at its appraised value. As was said in *St. John v. Strauss,* 60 Kan. 136, 55 Pac. 845:

"The title of a *pendente lite* purchaser is not necessarily void. As between the parties to the transfer the title is valid, but as to the *pendente lite* purchaser its validity depends entirely on the result or outcome of

the pending litigation. While the purchaser must take notice of the facts contained in the record, he is only affected to the extent to which the judgment in the suit goes." (Page 138.)

There are two kinds of sales provided for by the code in partition suits. Both take place when partition cannot be made and after the property has been valued and appraised. Where one or more of the parties elect to take the property at the appraisement the court may order the sheriff to make a deed to the parties so electing, on payment to the other parties of their proportion of the appraised value. (Gen. Stat. 1901, § 5112.) Again, where none of the parties elects to take the property at the valuation, or where several elect to take the property at the valuation in opposition to each other, the court may direct the sheriff to sell the land in the same manner as in sales of real estate on execution. (Gen. Stat. 1901, § 5113.) It is only in the latter case that a judicial sale is made. When a judicial sale takes place it must be preceded by a notice or advertisement required by the statute.

The title which the grantor of the plaintiff in error acquired by electing to take under the statute was only such title as the parties to the proceedings had in the premises. It was not acquired at a judicial sale. When he purchased the interest of Young he purchased subject to the prior mortgage executed by Young, which was on record. As to this undivided interest he stood in the shoes of the mortgagor. Young himself could not have defeated the mortgage by electing as one of the parties to take under the statute at the appraised value, and, if he could not, it must be clear that one who only acquired his rights cannot be permitted to do so. Without, therefore, departing in the slightest degree from the salutary rule of *lis pendens,* it is apparent that the mortgagee was only affected to the extent of the decree and the subsequent proceedings in the partition suit. (*St. John v. Strauss,* 60 Kan. 136, 55 Pac. 845.)

If the decree had been for actual partition there can be no doubt that the lien of the mortgage would have attached to the portion of the land set off to Young or his grantee in severalty. Equity will regard the substance and not the form of the proceedings, and in this case, while there was the form of a decree and sale in partition, the effect of the sale was not such as to give to Dickson any greater rights in the interest of Young than he obtained by the quitclaim deed. Having purchased with notice of the lien of the mortgage, he was bound to see it paid out of the fund and discharged, instead of which he retains the money which should have been paid to discharge it. (*Westervelt v. Haff*, 2 Sandf. Ch. [N. Y.] 98.)

Plaintiff in error is not in a position which entitles him to set up the defense of usury, and the court properly sustained the demurrer to the second count of the answer. (*Pritchett v. Mitchell*, 17 Kan. 355, 22 Am. Rep. 287; *In re Worth*, 130 Fed. 927, 931.)

While the holder of the mortgage was bound by the proceedings in the partition suit, he was not obliged to set up his claim to any part of the fund paid into court under the facts in this case, and therefore the demurrer to the third count of the answer was rightly sustained.

The judgment is affirmed.