137

Gertie Ross
vs.                    No.42357
Simon L. Aronds

April 15, 1918

BARROWS, J.  Heard on demurrer to the declaration in an action for malicious prosecution.

The declaration alleges a civil action on promissory notes brought by Aronds, as holder and payee, against Ross, as endorser; the termination of that action in favor of Aronds; application for a new trial therein; its refusal and entry of judgment for Aronds; the commission of perjury in said suit by Aronds falsely swearing that he advanced cash for said notes; the subsequent discovery by Ross of evidence to prove the testimony given by Ross that the notes were held by Aronds as collateral security on another transaction; that Ross now has possession of written evidence of said other transaction including Aronds' own endorsement; that at said trial Aronds denied ever having such a transaction; that the sole issue at said trial was which of said parties testfied truly on the question of consideration for said notes.  The declaration further shows the pendency in the Supreme Court of Ross' motion for a new trial on account of such discovery.

The demurrer is based on the ground that the judgment in said former suit is in full force and that the allegation of perjury in the former suit does not remove the prima facie effect of the outstanding judgment therein; which shows the existence of reasonable and probable cause for the bringing of said suit.

All authorities are agreed that if a judgment is procured by unfair means it can be set aside and the weight of authority is to the effect that a subsequent action can be maintained by the innocent party for malicious prosecution.  The declaration in the latter suit must show what un-fair means were used to procure judgment.  By showing this the presump-

138

tion of probable cause for institution of the first suit, which arose from the success of the plaintiff in that suit, is done away with.

Welch vs. Boston & Prov. R. R. Corp., 14 R. I. 609.

Burt vs. Place, 4 Wendell 591.

Cresecent Live-Stock Co. vs. Butchers' Union, 120 U. S. 141 at 149 to 151.

Hull vs. Sprague, 23 R. I. 188, uses this language: "A judgment in the lower court in favor of plaintiff in an action complained of as malicious is prima facie evidence of probable cause and in effect stands as conclusive until something further is alleged in the declaration to rebut the presumption arising from the allegation of such a judgment in the lower court."

Guisti vs. Del Pappa, 19 R. I. 338 at 340, says:

"To rebut the presumption of probable cause requires the averment of some additional fact or facts showing fraud, perjury or other undue means."

Ross now contends that perjury committed by Aronds at the trial of the first case constituted the procuring of that judgment by unfair means.  As a statement of the ordinary meaning of language this is undoubtedly true.  An examination of the cases, however, shows that a distinction is made between unfair means extrinsic to the trial and unfair means during the trial.  The latter occurs in the Court's presence and when perjury is the means, the Court and jury pass specifically on the veracity of the parties.  There is a clear distinction between unfair means preventing a person from appearing at the trial and the giving of false testimony.  In the latter case surprise may furnish the basis for a motion for continuance.  If there is no surprise, the adversary should be pre-

pared to meet the testimony. As some cases put it, the defendant is put on notice that he will have to meet perjury when plaintiff makes a false claim. In the present case the jury heard Aronds' testimony and Ross' denial thereof. The Judge charged the jury that one of them was lying. There is no averment that the same diligence which now produces documentary evidence to support Ross would not have done so at the prior trial. The jury believed Aronds and disbelieved Ross. Its verdict was subject to the usual review, was approved by the trial judge, became a judgment, and even now a petition to vacate said judgment is pending in the Supreme Court.

We have found no case which solely on account of perjury suffered a collateral attack to be made upon a judgment following the decision of a jury determining which party testified falsely on a single issue of fact. The nearest case is Verplanck vs. Van Buren, 76 N. Y. 247 (1879). There the Court says (p. 261): "The acts complained of at the trial (perjury) are but part of the entire transaction."

In Maine, which accepts the general rule that a judgment procured by unfair means can be attacked (Payson vs. Caswell, 22 Me. 212), commission of successful perjury at the trial does not furnish the injured party an action for damage.

Dunlap vs. Glidden, 31 Me. 435.

It is noticeable that the later opinion was concurred in by two of the three judges who decided the earlier case and that the suggestion had been made in the earlier case (p. 227) that "prevarication" in giving testimony might be the unfair means of procuring judgment referred to by the authorities. In view of this attitude in Maine, we venture to suggest that the example of perjury cited in the Guisti case as the unfair means may not have been used after full consideration of the particular point by the Court, or may mean perjury extrinsic to the first trial. We are emboldened to depart from the dictum of the Guisti case by the weight of authority contra.

Numerous cases hold that the allegation of perjury resulting in an outstanding judgment cannot be the basis for an action of damage.

Horner vs. Schinstock, 60 Kan. 136, reported in 18 Am. & Eng. Annotated Cases, at 721, is to this effect and cases are cited in a note thereto. We have examined them and believe they support the proposition for which they are cited.

Schaub vs. O'Farrall, 116 Md. 131, reported in 28 Am. & Eng. Annotated Cases, at 799, is to the same effect and contains a note referring to Eyree vs. Sedgewicke, Cro Jac 601.

An instructive note on the effect of perjury upon a judgment is also to be found in 10 L. R. A., New Series, 216; and the U. S. Supreme Court has expressed its opinion in United States vs. Throckmorton, 98 U. S. 61.

The question seems to be: Shall the Court try to prevent a miscarriage of justice in a particular case, or is it wiser to make an end of litigation after the parties have had their day in court? If the prior judgment can be attacked for perjury when shall we stop travelling in a vicious circle of subsequent suits alleging perjury in former ones?

3 Freeman on Judgments, 4th ed. Sec. 489, p. 861.

It may not be amiss here to suggest that the above choice is not necessarily before the court because the result of the former suit may be eliminated by the action of the Supreme Court on the motion now before it.

While we have some doubt about the propriety of our departing from the language of Guisti vs. Del Pappa,

we feel that the authorities all support defendant's contention. We therefore sustain the demurrer so that the question may be passed upon by the Supreme Court before putting the parties to the expense of a trial.

For Plaintiff: W. J. Brown.

For Defendant: Cooney & Cahill.