**GUARANTY STATE BANK OF OKMULGEE v. PRATT et al.**

No. 9167—Opinion Filed April 15, 1919.

(180 Pac. 376.)

(Syllabus.)

1. **Judgment — Lien — Legal Title — Temporary Seisin as Trustee.**

The lien of a judgment does not attach to the mere legal title to land standing in the name of the judgment debtor, when the equitable estate is in another, and a transitory seisin of lands by the judgment debtor in trust for another, will not subject them to the lien of a judgment.

2. **Same—Lien—Property Covered.**

The judgment lien contemplated by section 5148, Rev. Laws 1910, is a lien only on the actual interest of the judgment debtor, whatever that may be.

3. **Lis Pendens — Title of Pendente Lite Purchaser.**

The theory of lis pendens is to keep the subject matter of controversy within the power of the court until the final judgment is rendered so that the judgment, when rendered, may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the plaintiff therein. The title of a pendente lite purchaser is not necessarily void. As between the parties to the transfer, the title is valid, but, as the pendente lite purchaser its validity depends entirely on the result or outcome of the pending litigation. While the purchaser must take notice of the facts contained in the record, he is only affected to the extent to which the judgment in the suit goes.

4. **Appeal and Error — Review — Harmless Error.**

A case will not be reversed on account of any error in any matter of pleading or procedure, unless it appears from an examination of the entire record that such error has resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Error from District Court, Okmulgee County; Chas. G. Watts, Judge.

Suit by the Guaranty State Bank of Okmulgee against R. M. Pratt and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Merwine & Newhouse, for plaintiff in error.

G. E. Cassity, for defendants in error.

RAINEY, J. Previous to the transactions hereinafter set forth one R. M. Pratt was indebted to the Guaranty State Bank of Okmulgee, Okla., in the sum of $1,187.50, and was also indebted to the Bank of Commerce of Okmulgee, Okla., in the sum of about $800. The Guaranty State Bank had instituted an action against the said R. M. Pratt, and had recovered a judgment against him on October 16 1915, for the sum due it, and on November 17th thereafter execution was issued on said judgment, which was returned unsatisfied. On December 24, 1915, said bank filed its petition in the district court of Okmulgee county, wherein it allleged that it had a lien on a certain specific tract of real estate (describing it) belonging to R. M. Pratt by virtue of its said judgment; that Wright Thornburgh, R. M. Pratt, Belle Mangan, and the Bank of Commerce of Okmulgee, Okla , were each claiming some interest in said real estate, but that if they had any interest therein the same was inferior to plaintiff's lien; that in order to have said real estate sold to the best advantage to all the parties interested therein said defendants be required to plead in said action, setting out the interest claimed by them; that the various liens claimed by the said defendants be marshaled and their priority established; that the plaintiff's lien be declared a superior lien to all other liens; and that the land be sold and the proceeds distributed according to the interests of the respective parties. A. D. Kennedy was not made a party to the suit, but upon his application was given leave to file an answer, and was made party defendant.

The evidence adduced upon the trial reasonably tends to prove that the land on which the plaintiff asserted a lien was the allotment of one Ada Farnsworth, who conveyed the same to A. D. Kennedy, subject to a mortgage of $200 in favor of Wright Thornburgh; that Kennedy afterwards sold the land to Belle Mangan; and that by an agreement between the parties the title was transferred by Kennedy executing a quitclaim deed to R. M. Pratt, and Pratt giving a warranty deed to Belle Mangan, she executing her notes for $1,250 to Pratt, who immediately assigned them to the Bank of Commerce; that the defendant Kennedy and his brother owned practically all the stock in the Bank of Commerce; that Pratt never paid anything for said land, never had any interest therein, except that it was agreed by and between Pratt and the defendant Kennedy, acting for himself and the Bank of Commerce, that Pratt was to have one-half of the proceeds of the sale of said land over $1,000. After the institution of said suit Thornburgh transferred and assigned the note and mortgage on said land, securing the same to Kennedy, and Belle Mangan, after process was served on her, reconveyed the land to the defendant Kennedy. She had never paid anything on the purchase price thereof, and her notes were returned to her. After hearing the evidence the court held that A. D. Kennedy, by virtue of the note and mortgage assigned to him by Thornburgh, had a first lien on the real estate in the sum of $200, with interest: that the Bank of Commerce had a second lien on said real estate in the sum of $800, with interest: that the said R. M. Pratt had an equitable interest in an undivided one-half of said real estate over and above $1,-000, the amount of the first and second liens, and that the Bank of Commerce was the owner of the other undivided one-half interest in said real estate over and above the first and second liens, and that the plaintiff, Guaranty State Bank of Okmulgee, by virtue of its judgment, had a third lien on the interest of Pratt in said land for the amount of its judgment. The court thereupon rendered judgment accordingly, ordered the land sold to satisfy said liens, and the proceeds applied, after the payment of all costs etc., in the order of the priority of said liens. The Guaranty State Bank of Okmulgee has appealed from said judgment to this court, assigning numerous errors, which may be summarized as follows:

First. That the evidence in the case discloses that the plaintiff had a first lien on the real estate involved in the controversy.

Second. That said judgment violates the lis pendens statute.

Third. That the judgment was without the issues, and not authorized by the pleadings in the case.

Plaintiff's judgment was procured long prior to the time the quitclaim deed was made by Kennedy to Pratt, but counsel contend when the title vested in Pratt that its judgment lien immediately attached thereto. If the lien of a judgment attached to the mere legal title to the land in the name of the judgment debtor, counsel's position would be correct, but it is well settled in this jurisdiction that the judgment lien created by section 5148, Rev. Laws 1910 is a lien only on the actual interest of the judg

ment debtor, whatever that happens to be, and does not attach to the mere naked legal title when the equitable estate is in another. J. I. Case Thresh. Mach. Co. v. Walton Trust Co., 39 Okla. 748, 136 Pac 769; Lunn v. Kellison et al., 66 Okla. 168, 153 Pac. 1136; Okla. State Bank of Wapanucka v. Burnett et al., 65 Okla. 74, 162 Pac. 1124; Farmers' State Bank of Ada v. Keen et al., 66 Okla. 62. 167 Pac. 207.

The evidence in the case amply supports the findings of the trial court that the only interest that R. M. Pratt ever had in the land in controversy was an undivided one-half interest in whatever sum the land sold for over and above $1,000. It further appears that R. M. Pratt merely held the legal title for the benefit of A. D. Kennedy and the Bank of Commerce, and that in conveying to Belle Mangan he acted as the agent of the said Kennedy and the Bank of Commerce, the bank having advanced the purchase price of said land when it was originally purchased from the allottee; that at all of said times Thornburgh had a first lien by virtue of his mortgage thereon; that when the land was conveyed to Belle Mangan, Kennedy had a vendor's lien for the balance of the purchase price, which was superior to the lien of the plaintiff; that upon institution of this suit the sale from Kennedy and the bank to Belle Mangan, through Pratt, was rescinded by mutual agreement of the parties, and the legal title reinvested in Kennedy for the benefit of himself, the Bank of Commerce, and Pratt, and that they were interested in said land, as found by the trial court.

As was said by this court in the case of J. I. Case Threshing Mach. Co. v. Walton Trust Co., supra, a judgment creditor is in a very different position from one who has bought and paid, or who has loaned money on the face of the recorded title, and he is not a bona fide purchaser, for the reason that he has parted with nothing to acquire his lien, and when the real title prevails over the apparent title he is in no worse position than he was before he acquired his lien, and for that reason equity does not regard the judgment creditor, but assists those who have invested in, and therefore, have a substantial interest in, the real estate. This principle is clearly applicable to this case, and on the facts the court was right in awarding the plaintiff a lien only on Pratt's interest in the land.

It is objected, however, that since Kennedy acquired title to the Thornburgh note and mortgage and to the land during the pendency of the suit, the judgment is in violation of our lis pendens statute, which pro-vides that when the petition is filed the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title. Section 4732, Rev. Laws 1910.

It seems to be plaintiff's view that under our lis pendens statute any transfer of any interest in real estate, the subject-matter of the action, that is made during the pendency of such action is void. This, or similar statutes, have never been so construed. The correct rule is that where the title to real property is involved in an action the purchaser pendente lite of said property from a party to the action acquires no greater rights in said property than his grantor had, and is bound by the judgment rendered against his grantor. Baker v. Leavett et al., 54 Okla. 70, 153 Pac. 1099. and cases there cited. St. John v. Strauss et al., 60 Kan. 136, 55 Pac. 845. See, also, cases in note to Green et al. v. Rick, 2 L. R. A. 48.

In the case of St. John v. Strauss et al., supra, the Supreme Court of Kansas defines the rule of lis pendens as follows:

"The theory of lis pendens is to keep the subject-matter of controversy within the power of the court until the final judgment is rendered, so that the judgment, when rendered, may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the plaintiff therein. The title of a pendente lite purchaser is not necessarily void. As between the parties to the transfer the title is valid, but as to the pendente lite purchaser its validity depends entirely on the result or outcome of the pending litigation. While the purchaser must take notice of the facts contained in the record, he is only affected to the extent to which the judgment in the suit goes."

Section 4695, Rev. Laws 1910, clearly contemplates that the subject-matter of an action may be transferred or assigned during the pendency of the action, for it is provided therein that the action shall not abate on account of the death or other disability of the party therein, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue, and that in case of the transfer of any interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. It follows that Thornburgh had a right to transfer his note and mortgage to Kennedy, and that Belle Mangan also had a right to reconvey the land to him, but that Kennedy was not entitled to any greater rights than his trans-

feror and grantor, and is bound, so far as the plaintiff is concerned, by the judgment in the action. The judgment in the instant action preserved to the plaintiff all its rights, and accorded to it all it was entitled to under the law, and we are unable to see how it has been prejudiced in any way by the transfer and assignment of the note and mortgage and the reconveyance of the land from Belle Mangan to the defendant Kennedy.

The remaining objection to the judgment is that it was without the issues and unauthorized by the pleadings in the case, and attention is called to the fact that the defendants Belle Mangan, Bank of Commerce, and R. M. Pratt filed disclaimers, and that Kennedy did not file any pleadings setting up the transfer and assignment of the Thornburgh note and mortgage to him, although he did file a supplemental answer alleging the reconveyance of the land to him from Belle Mangan. Thornburgh pleaded his lien, but subsequently and before the trial assigned his note and mortgage to Kennedy. Counsel for the defendants frankly say that they overlooked filing amended pleadings, but insist that under the authorities in this jurisdiction the pleadings will be treated as amended to conform to the proof. We think this is a case to which the rule should be applied, in view of the fact that the plaintiff bank, which instituted the action, in its petition asserted that the defendants, except the defendant Kennedy, who was subsequently permitted to file an answer, all claimed an interest in the subject-matter of the action, and asked that the priority of the alleged liens of the respective parties be established, and the land sold and the proceeds divided accordingly. Dolezal v. Bostick, 41 Okla. 743, 139 Pac. 964.

Moreover, most of the evidence on these issues was introduced without objection. The judgment was not without the issues since the very issue presented by the plaintiff's pleadings was the priority of the respective liens, and this issue, as we have hereinbefore stated, was correctly determined by the trial court.

By the express provisions of section 6005, Rev. Laws 1910, this court is precluded from reversing any judgment on account of any error in any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. Applying this rule, we not only cannot say that it appears that the error complained of has probably resulted in a miscarriage of justice, but on the other hand, from an examination of the entire record, we are of the opinion that substantial justice has been done.

The judgment of the trial court is therefore affirmed.

HARDY, C. J., and HARRISON, PITCHFORD, and JOHNSON, JJ., concur.