## KENNEDY v. ROFF et al.

No. 26372.   Oct. 27, 1936.

Thomas P. Holt, for plaintiff in error.

King & Crawford, for defendants in error.

OSBORN, V. C. J.   This action was instituted in the district court of Pontotoc county by Dan Kennedy, hereinafter referred to as plaintiff, against Mrs. Annie Roff, Mrs. Chloe Gilbert, the unknown heirs, devisees, immediate and remote, of J. C. Roff, deceased, Pauline C. Hicks, Mrs. Clarence B. Gregory, Willis Hicks, Raymond Lay Hicks, and the unknown heirs, devisees, immediate and remote, of William S. Hicks, deceased, hereinafter referred to as defendants. Plaintiff sought to cancel certain judgment liens as clouds upon the title of certain real property.   Issues were joined, the cause was tried to the court, and a judgment was entered in favor of the defendants, and plaintiff has appealed.

Plaintiff alleged that he was the owner and in possession of the following described real property located in Pontotoc county: "All of lot 4 in block 5 of Dan Hays addition to the city of Ada."

Plaintiff further alleged that on January 2, 1933, he executed a warranty deed to said property to one Mary C. I. Kennedy and placed the same of record; that there was no consideration for said deed; that plaintiff placed said property in the name of the said Mary C. I. Kennedy as trustee; that he took such action to avoid a threatened financial difficulty; that on or about July 8, 1933, when it developed that he would not be involved in said financial difficulty, he caused a quitclaim deed to said property to be executed to him from the said Mary C. I. Kennedy and her husband and that said deed was duly recorded.   It was further alleged that plaintiff thereafter discovered that there were certain judgments of record in favor of the various defendants against Mary C. I. Kennedy and that said judgments were clouds upon plaintiff's title to the above-described property; that defendants refused to release said judgments as clouds upon said title and that he was thereby forced to institute this action for cancellation of the same.

Defendants by answer admitted that they were judgment creditors of the said Mary C. I. Kennedy and alleged that the judgment liens were valid existing liens upon the real property involved herein.   At the trial of the cause it developed that prior to the conveyance from plaintiff to Mary C. I. Kennedy, there was a certain creditor of plaintiff making unfounded claims against him for an alleged indebtedness and he had threatened suit against him upon said unfounded claim; that in order to avoid harrassment and litigation, plaintiff deeded the real property herein involved to Mary C. I. Kennedy.   Later, when he was able to establish the fact that the claim being asserted against him was unfounded and there was no further possibility that a suit would be lodged against him upon said claim, the property was deeded back to him.   Such was the evidence of the plaintiff, and the same was undisputed.

The trial court found that the conveyance of plaintiff to Mary C. I. Kennedy was a fraudulent conveyance for the purpose of hindering, defrauding, and delaying the creditors of plaintiff, and that the judgments against Mary C. I. Kennedy were valid outstanding judgments, and defendants were adjudged to have a lien by virtue thereof upon the real property hereinabove described. In this the trial court erred.

In the case of Oklahoma State Bank of Ada v. Crumley, 146 Okla. 12, 293 P. 218, it was held:

"The lien of a judgment does not attach

to the mere record title to land standing in the name of the judgment debtor, but is limited to the actual interest which the judgment debtor had in the land at the time the judgment lien attached."

See, also, Oil Well Supply Co. v. Cremin, 143 Okla. 57, 287 P. 414, 68 A. L. R. 1471; Guaranty State Bank of Okmulgee v. Pratt, 72 Okla. 244, 180 P. 376; J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okla. 748, 136 P. 769.

The evidence is unmistakable that Mary C. I. Kennedy at no time owned the property involved herein or any portion thereof; that during the time the property stood in her name she held the entire interest therein as trustee for plaintiff. Her judgment creditors were entitled to no lien thereon.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of plaintiff in accordance with the prayer of his petition.

McNEILL, C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. RILEY and PHELPS, JJ., absent.