### GALEENER et al. v. REYNOLDS et al.

No 27005. June 8, 1937.

Everest, McKenzie & Gibbens, for plaintiffs in error.

Twyford & Smith and William J. Crowe, for defendants in error.

HURST, J. The plaintiffs, Ada Dill Galeener et al., filed this action, No. 83392, against the defendants, M. E. Reynolds et al., to quiet title to certain lots in Oklahoma City. Reynolds filed an answer claiming title under a tax deed and also pleaded a judgment in his favor in a prior action as res adjudicata. The record shows that the prior action, No. 65678, was an action to quiet title to this same property instituted by Reynolds against F. P. Johnson, Ada L. Blocher, and W. N. Goble, in which default judgment was rendered in favor of Reynolds and against all the defendants on June 6, 1931. Three days thereafter Blocher and Goble filed a motion for new trial which was sustained on May 20, 1933, and the order sustaining the motion for new trial recited that the judgment was "vacated and held for naught as to all parties interested in said litigation," and the defendants Blocher and Goble were given time to file an amended answer and cross-petition. Thereafter they filed their amended answer and cross-petition, and the case was tried on October 2, 1933, and judgment was again rendered in favor of Reynolds and against the defendants Blocher and Goble, and the journal entry of judgment of June 6, 1931, was corrected so as to recite the initials of Johnson as F. P. instead of E. P., a mistake having been made in that respect in the prior judgment. Blocher and Goble appealed from the judgment and the same was affirmed by this court. Blocher v. Reynolds, 171 Okla. 527, 43 P. (2d) 405. Johnson filed no motion for a new trial nor did he file any application to vacate the judgment of June 6, 1931, and no question is raised as to the regularity of the service on him.

The plaintiffs claim title to said property acquired from Johnson after cause No. 65678 was filed, and the record discloses that they were advised of the pendency of the action at the time they secured their interests. Judgment was rendered for the defendants, and from that judgment the plaintiffs appeal.

1. We are of the opinion that, under the foregoing facts, the decisive question in this case is whether plaintiffs are barred by the judgment against Johnson. We think they are. It was not the intention of the court to vacate the judgment against Johnson in sustaining the motion of Blocher and Goble for a new trial, and the use of the language vacating the judgment "as to all parties interested in said litigation" did not have that effect. This is made clear by the fact that the court gave Blocher and Goble time to file an amended answer and cross-petition and did not give Johnson such right, and by the fact that in the judgment of October 2, 1933, the court recognized that the judgment

of June 6, 1931, was still in force as against Johnson, by correcting that judgment where a mistake had been made in the initials of Johnson. Under this view of the case it is unnecessary to discuss the authority of the court to vacate the judgment against Johnson at a subsequent term without compliance with the statutes for vacating judgments.

2. The plaintiffs contend that the court was without power to render a judgment against Johnson without also rendering judgment against the other defendants. The answer to this contention is that judgment was rendered against all three of the defendants on June 6, 1931, and the judgment against Johnson was not disturbed when the court sustained the motion of Blocher and Goble for a new trial. It is, therefore, unnecessary to refer to the authorites cited by the plaintiffs under this proposition.

3. The plaintiffs having acquired their interests in the real estate in question after the filing of cause No. 65678, they are bound by the judgment against Johnson in that case under section 193, O. S. 1931, which provides that:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title. * * *"

See Guaranty State Bank v. Pratt, 72 Okla. 244, 180 P. 376; Jones v. Merfeldt, 167 Okla. 520, 30 P. (2d) 924.

The judgment is affirmed.

OSBORN, C. J., and WELCH, PHELPS, and CORN, JJ., concur.