### ROSKOTEN v. ODOM et al.

No. 28258.  Feb. 14, 1939.

Horsley & Epton, for plaintiff in error.

C. T. Huddleston and Date Crawford, for defendants in error.

CORN, J. This appeal is the outgrowth of a foreclosure action in the district court of Pontotoc county, brought by the plaintiff in error, herein called plaintiff, against Henry Odom and other defendants, including Leo Breco, whose widow and minor children are the appellees, herein referred to as defendants.

The title to the land involved was in Henry Odom at the time the mortgage was executed to the plaintiff, but subsequently the legal title to the land passed successively by mesne conveyances through other defendants named in the action to Leo Breco, who was the owner thereof at the time of the filing of the action. The various grantees appearing in the title assumed and agreed to pay the mortgage indebtedness as a part of the purchase price for the land, all of whom were made parties to the action, and judgment was rendered against them jointly and severally upon the note and for foreclosure of the mortgage. The defendants J. G. Breco and his wife, Sudie Breco, filed a motion for a new trial, but the defendant Leo Breco, who was then living, did not file a separate motion for a new trial, nor did he join in the aforesaid motion for a new trial. Judgment in this case was rendered by default, and no effort was made by the said Leo Breco to vacate or set aside the same.

The motion for new trial filed by the said J. G. Breco and Sudie Breco was not insisted upon until after the order of sale had been issued and the land sold at sheriff's sale, which was after the expiration of the statutory six-months redemption period. The defendants J. G. Breco and Sudie Breco objected to the confirmation of the sale on the ground that the order of sale was prematurely issued for the reason that the motion for a new trial was at the time pending and undisposed of. The title had passed through the said J. G. Breco and Sudie Breco, who assumed and agreed to pay the mortgage indebtedness, and these defendants were seeking to evade primary liability by reason thereof, and their only interest in the action was to avoid the personal judgment for the deficiency. The court held that the objection should be sustained, and then and there the plaintiff and these objecting defendants entered into an agreement in open court whereby the plaintiff agreed to release the personal deficiency judgment against the Brecos in consideration that the court then confirm the sale, and that there be no further action in the matter as to new trial, and that the matter be closed by confirmation of the sale by the court, and that an order should be entered accordingly. The court thereupon made an order finding and reciting said agreement, and approving the same in language as follows:

"It is therefore, ordered, adjudged and decreed by the court, that the motion for new trial, filed herein, by the defendants Brecos be, and the same is hereby sustained.

"And it is further ordered by the court that upon the agreement, between plaintiff and defendants, as aforesaid, that an order of this court be entered confirming the sale had herein by the sheriff, upon the plaintiff releasing the personal deficiency judgment against the Brecos, and that no further proceedings be had in said action, and that the same be closed upon a confirmation of said sale, which has been entered by the court on this date."

Said order was made and entered on February 7, 1933, and on the same day the order confirming the sheriff's sale was made and entered, and pursuant thereto sheriff's deed was issued to the plaintiff, the purchaser of the land at said sale, and said purchaser was placed in possession of the premises.

On August 27, 1936, a different judge of said court made and entered an order permitting the defendants J. G. Breco and Sudie Breco to file an answer and cross-petition in said cause, and permitting Amy Breco, widow of Leo Breco, to join in the same in her own behalf and in behalf of Amigene and Sudie Marie Breco, minor children of Leo Breco, the said heirs of Leo Breco being brought in as additional parties to the action.

The theory upon which said answer and cross-petition was permitted to be filed was that the above-quoted order sustained the motion for a new trial, the court holding that this voided the sale proceedings, and further holding that the heirs of Leo Breco were not bound by said agreement for the reason that they were not parties to the action at that time. The court vacated the sale proceedings and permitted the defendants to plead as though judgment had not been rendered in the action. From this judgment of the court the plaintiff appealed.

The motion for new trial of the defendants, J. G. Breco and Sudie Breco, was acted on at the same time as the motion for confirmation of sale filed by the plaintiff, and the order of the court made upon said hearing must be considered as a whole, and when so considered it is tantamount to an order setting aside the order sustain-

ing the motion for a new trial and overruling the same. That it was so construed by said defendants is evident from the fact that they agreed to the confirmation of the sale, and when the order was made, took no exceptions thereto nor appeal therefrom. Said defendants were not entitled to further plead in the case for at least two reasons: they were bound by their agreement and by the order of the court made pursuant thereto, and were estopped from pleading in the case for want of interest in the case after the release of the personal judgment against them.

The heirs of Leo Breco predicate their pretended right to void the sale of the land upon grounds that do not exist in this case. They rest upon the assumption that the sale was invalid because of the fact that the sale was had while the motion for a new trial by other defendants, to which Leo Breco was not a party, was pending and undisposed of, regardless of the disposition of said motion and confirmation of the sale upon the agreement of the parties as aforesaid, and that said motion for a new trial inured to the benefit of Leo Breco and those claiming through him; and also upon the assumption that the confirmation of the sale was invalid by reason of the fact that Leo Breco died before the sale was confirmed, and the judgment was not revived against his heirs, and they were not parties to the action at the time the order of confirmation was made and entered, although the death of Leo Breco occurred after the sale. The trial court took this view of the case and rendered judgment accordingly, thus permitting the heirs of Leo Breco to plead to the petition of the plaintiff originally filed in the case. It should be noted here, however, that they made no defense whatever to the plaintiff's petition, but only asked for an accounting of the rents and profits from the land during the four and a half year period during which the plaintiff had possession of the land under her sheriff's deed, and that said income from the land be applied on the mortgage indebtedness against the land. The court denied these defendants the accounting prayed for in their cross-petition. The effect of the final judgment of the court appealed from was the vacation of the sale and of the original judgment rendered in the case, which was a judgment by default.

We have already held herein that the order confirming sale was tantamount to overruling the motion for new trial, and this ruling seemingly would obviate the necessity of discussing the question as to whether the granting of a motion for new trial inures to the benefit of a nonmoving party, but since the judgment appealed from rests largely upon the assumption that a new trial was granted and that the granting of same inured to the benefit of the heirs of Leo Breco, the question will be given attention.

This question was presented in the case of Galeener et al. v. Reynolds, 180 Okla. 200, 69 P.2d 49, and this court ruled adversely to the contention of the defendants herein. In said case it was held that the judgment against the defendant not moving for a new trial was unaffected by the order granting a new trial to the moving defendants.

In the case of Kalashen v. Till, 121 N. Y. Supp. 393, the New York court held, in a case very similar to the case at bar, as follows:

"The granting of a new trial as to a defendant in mortgage foreclosure proceedings on the ground of perjury by plaintiff therein, which prevented defendant from avoiding personal liability for a deficiency, would not affect the judgment of foreclosure and sale thereunder."

The principle here involved is stated in 3 C. J. 750, as follows:

"Objections must be made by the party entitled to impose them. If several parties are entitled to make any objection and it is made by any number less than all, it does not inure to the advantage of the party or parties not joining in it."

Again it is stated in 3 C. J. 957, in the following language:

"A party is not entitled to the benefit of an exception not taken by himself, and therefore an exception taken by one party is not available to his adversary or to a coparty."

The defendant Leo Breco never at any time attempted to comply with the statute to vacate the default judgment against him in this case. To be entitled to participate in any of the subsequent proceedings he must have complied with the requirement of the statute to set aside the default judgment. This court has held repeatedly that: A judgment upon default will not be vacated upon a showing that the party had a meritorious case; it must be made to further appear that he was prevented from making a timely presentation of it upon some of the grounds named by the statute for granting such relief. Olentine et al. v. Alberty et al., 82 Okla. 9, 198 P. 296; Boles

et al. v. MacLaren, 152 Okla. 265, 4 P.2d 106, and Johnson Loan & Trust Co. v. Ball (Kan.) 53 P. 878.

Under the facts in this case, there is no need of revivor of the judgment against the heirs of Leo Breco for the reason that the land was sold at sheriff's sale several months before the death of Leo Breco, and for the further reason that the plaintiff released her deficiency judgment against Leo Breco as well as the other defendants.

The trial court erred in vacating the sale, and in vacating the judgment and permitting the defendants to file their answer and cross-petition in the case. The judgment appealed from is therefore reversed and remanded, with directions to dismiss all proceedings had in connection with the vacation of the sale and of the judgment of foreclosure, and to reinstate the judgment of foreclosure and the sale proceedings had thereunder, including the sale of the land to the plaintiff, the confirmation of the sale and the sheriff's deed, and likewise to decree and validate the release of the deficiency judgment against said defendants.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.