Don E. HOLLAND, Plaintiff in Error,

v.

Pauline SEARS, Defendant in Error.

No. 38471.

Supreme Court of Oklahoma.

Dec. 15, 1959.

Rehearing Denied Jan. 19, 1960.

Covington, Donovan & Gibbon, by Gerard K. Donovan, Tulsa, for plaintiff in error.

John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, Tulsa, for defendant in error.

BERRY, Justice.

At a point where Peoria Avenue intersects Independence Street in Tulsa, Peoria, which is a four-lane highway that is un-marked by stop signs at point of said intersection, extends north and south, and Independence, which is marked by stop signs at point of said intersection, extends east and west.

On date of accident, these things occurred: an automobile driven by Robert Sears, in a southerly direction over Peoria, and in which Pauline Sears, defendant in error, hereafter referred to as "plaintiff", was a passenger, approached the referred-to intersection from the north. An automobile operated by Clayton Haggard, in a northerly direction over Peoria entered and passed through said intersection at a time when the automobile in which plaintiff was riding was some hundred feet or more north of the intersection. An antomobile operated by Don E. Holland, plaintiff in error, hereafter referred to as "defendant", approached said intersection from the west over Independence. After stopping his automobile at the stop sign on the west side of the intersection, defendant made a left-hand turn in order to proceed in a northerly direction over Peoria. Shortly after making said turn, the left rear fender of defendant's automobile collided with the right front fender of Haggard's automobile. Following the impact, Haggard's automobile proceeded out of control in a northwesterly direction and collided with the automobile in which plaintiff was a passenger.

Plaintiff brought this action against her husband, Robert Sears, Clayton Haggard and defendant to recover damages alleged to have resulted from personal injuries sustained upon Haggard's automobile colliding with the automobile in which she was riding, which collision and resulting injuries were alleged to have resulted from the negligence of each of the referred-to drivers.

At the trial the Court sustained Robert Sears' demurrer to plaintiff's evidence and no complaint is made of the trial court's action in said particular. Plaintiff's action as to the remaining defendants was submitted to the jury resulting in a verdict in favor of said defendants. Plaintiff filed a

motion for new trial based on the following allegations:

"That the verdict is not sustained by sufficient evidence and is contrary to the evidence and to law.

"That the verdict in this case is not supported by any evidence; there being uncontradicted evidence in the record that each of the defendants, Holland and Haggard, was guilty of negligence in that the evidence conclusively shows that each of said defendants violated ordinances of the City of Tulsa and the laws of the State of Oklahoma; that the plaintiff was injured; and that therefore a verdict in favor of both of said defendants is such as to shock the conscience of the Court; and does not represent substantial justice."

The motion for new trial was denied as to Haggard but sustained as to defendant. Following defendant's request that the trial court state "upon which of the nine statutory bases for new trial the court finds that the plaintiff, Sears, is entitled to a new trial against the defendant Holland", the Court made this statement:

"The Court: I will state in the record that the Court grants the new trial because the conscience of the Court is shocked as to the verdict freeing the defendant Don E. Holland from any negligence in the case. Sitting as a thirteenth juror the Court cannot conscientiously approve the verdict.

"Mr. Donovan: May I ask further, your Honor, if there was no other basis—is that the sole basis?

"The Court: That is the sole basis."

In the formal Journal Entry of Judgment the Court stated that the "Motion for new trial should be overruled as against the defendant Haggard but should be granted as against the defendant Holland," from which action defendant perfected this appeal.

■ For grounds of reversal, defendant asserts that "After a trial to a jury in which the jury found for both defendants, it is error for the court to grant a new trial to one defendant and not to the other, for the sole reason that the court disagreed with the finding of the jury; and such action by the court is arbitrary and capricious, and is an abuse of 'sound and legal discretion' and is an invasion of the province of the jury by the court."

The parties appear to agree that plaintiff was not guilty of contributory negligence; that Robert Sears was free of negligence and therefore agree that the accident was the result of Holland's and/or Haggard's negligence. Defendant contends, however, that there is competent evidence showing that he was free of negligence and that the accident therefore resulted solely from Haggard's negligence. He also contends that there was competent evidence from which the jury could have found that plaintiff was not injured and the verdict of the jury could therefore have been predicated wholly upon said fact.

Defendant construes the quoted remarks of the trial court as clearly showing that the sole grounds for granting a new trial as to defendant was that said court disagreed with the verdict, which grounds defendant asserts is not one of the statutory grounds set out in 12 O.S.1951 § 651 for granting a new trial. We, for reasons hereafter given, are unable to agree with this construction.

■ In view of the fact that plaintiff was free of contributory negligence; that her husband was free of negligence; that the accident resulted from the negligence of Haggard and/or defendant, and under a preponderance of the evidence of defendant's negligence, the verdict of the jury is not sustained by sufficient evidence and is, in fact, contrary to the evidence. It follows that statutory grounds (see sixth paragraph of Sec. 651, supra) existed for granting a new trial and the trial court only erred if the trial court could properly grant a new trial as to both negligent defendants but not as to one. The modern rule which is followed in a majority of jurisdictions is that a new trial may properly be granted as to one of several joint tort-feasors where

as here their liability is joint and several. At p. 49, Sec. 25, 39 Am.Jur. "New Trial" this is said:

"While the common-law rule that a new trial as to some joint tort-feasors requires a new trial as to all appears still to be adhered to in a few jurisdictions, the decided trend of modern opinion does not permit the artificial and technical reasoning upon which this common-law rule is founded to preclude the granting of new trial as to one of several joint tort-feasors, where furtherance of justice seems to require such action and the interests of the remaining defendants are not thereby prejudiced. Where the interests of parties are such that separate trials may be awarded and separate verdicts found, a new trial may be granted as to one and refused as to the other or others. In this breaking away from restrictions of ancient rules the courts have frequently been aided by legislation."

See also Roskoten v. Odom, 184 Okl. 368, 369, 87 P.2d 338.

 In construing the order of the Court and the Court's remarks, neither of which clearly show the reason for granting the new trial, it is proper to consider the record. Lemons v. Lemons, 205 Okl. 485, 238 P.2d 790. A consideration of the evidence and the allegations of the motion for new trial leads us to believe that the Court disagreed with the verdict and was shocked by same because the verdict is not sustained by the evidence. We are therefore of the opinion that the order granting a new trial was based upon one of the statutory grounds set out in Sec. 651, supra. Our opinion to the foregoing particulars is buttressed by the proposition that it must be presumed in the absence of evidence to the contrary that said order was based upon statutory grounds and that the trial court intended to enter a valid order. Knight v. Armstrong, Okl., 303 P.2d 421; 66 C.J.S. New Trial § 199, p. 482.

 There remains for consideration the issue of whether the verdict was based upon the alleged fact that plaintiff did not sustain an injury. On this issue, the record discloses that as a result of the accident, plaintiff sustained an injury to her head which rendered her semiconscious and her condition was such that it was thought necessary to transport her from scene of accident to a hospital in an ambulance where she remained four days. While there is no doubt sound grounds upon which defendant can question the extent of plaintiff's injuries, there are no sound grounds upon which he can dispute the fact that she sustained personal injuries as a result of the accident.

The trial court, in our opinion, did not, under the facts of this case, act in an arbitrary or capricious manner in sustaining the motion for new trial as to defendant.

Affirmed.